# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-0037V
### Filed:  June 9, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| PATRICIA LYNNE SPILMAN,     * | |
|     * | |
|     Petitioner,     * | Ruling on Entitlement; Concession; |
|   v.      * | Diphtheria, Tetanus, acellular Pertussis |
|     * | Vaccine ("DTaP") Shoulder Injury |
| SECRETARY OF HEALTH     * | Related to Vaccine Administration |
| AND HUMAN SERVICES,     * | ("SIRVA"); Special Processing Unit |
|     * | ("SPU") |
|     Respondent.     * | |
|     * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian J. Muller, Esq., Muller Brazil, LLP, Philadelphia, PA, for petitioner.*
*Michael Milmoe, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On January 12, 2015, Patricia Lynne Spilman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered shoulder injuries which were caused in fact by the tetanus vaccine she received on April 6, 2015.  Petition at 1.  Petitioner also alleges that her "[t]he symptoms from these shoulder injuries continue to the present time."  *Id.*, ¶ 10.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 8, 2015, respondent filed her Rule 4(c) report in which she concedes that compensation should be awarded.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent "agrees that petitioner's SIRVA was more likely than not caused by the April 6, 2014, DTaP vaccination."  *Id.* at 4.  Furthermore, respondent

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

agrees that petitioner's injury lasted for more than six months and "petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master